Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN AMINI and MONA AMINI, Individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| Plaintiffs, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| vs. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| HEART SAVERS, LLC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiffs KEVIN AMINI and MONA AMINI ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HEART SAVERS, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in the state of California. Plaintiffs also seek up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiffs reside within this district.

## PARTIES

4. Plaintiff Kevin Amini is a natural person residing in the County of Orange, State of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Plaintiff Mona Amini is a natural person residing in the County of Orange, State of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6. Defendant, Heart Savers, LLC ("Defendant"), is a body imaging center located in the County of Orange, State of California, and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

7. Beginning on or about April 18, 2015, Defendant contacted Plaintiffs' cellular telephone numbers several times from telephone number (949) 232-1232 in an effort to sell or solicit its services.

8. On April 18, 2015, at approximately 3:01 p.m. PST, Defendant initiated a telephone call from telephone number (949) 232-1232 to Plaintiff Kevin Amini's cellular telephone number ending in "8875" via an automatic telephone dialing system ("ATDS") as defined by *47 U.S.C. § 227(a)(1)*.

9. On April 21, 2015, at approximately 1:59 p.m. PST, Defendant initiated a telephone call from telephone number (949) 232-1232 to Plaintiff Mona Amini's cellular telephone number ending in "8876" via an automatic telephone dialing system ("ATDS") as defined by *47 U.S.C. § 227(a)(1)*.

10. On April 22, 2015, at approximately 4:34 p.m. PST, Defendant initiated a telephone call from telephone number (949) 232-1232 to Plaintiff Mona Amini's cellular telephone number ending in "8876" via an automatic telephone dialing system ("ATDS") as defined by *47 U.S.C. § 227(a)(1)* using an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*. Plaintiff waited until the end of the prerecorded message to speak to an operator, however, Plaintiff was only allowed to leave a message. Plaintiff then left a message asking to be taken off of Defendant's calling list and telling Defendant not to call her again.

11. On April 25, 2015, at approximately 12:15 p.m. PST, Defendant initiated a telephone call from telephone number (949) 232-1232 to Plaintiff Kevin

Amini's cellular telephone number ending in "8875" via an automatic telephone dialing system ("ATDS") as defined by *47 U.S.C. § 227(a)(1)*. Plaintiff stated that he was not interested in Defendant's services.

12. On April 25, 2015, at approximately 12:15 p.m. PST, Defendant initiated a telephone call from telephone number (949) 232-1232 to Plaintiff Mona Amini's cellular telephone number ending in "8876" via an automatic telephone dialing system ("ATDS") as defined by *47 U.S.C. § 227(a)(1)*. Plaintiff asked Defendant's representative how Defendant obtained her telephone number and again stated that she was not interested in Defendant's services.

13. Defendant's calls constituted telephone communications that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming telephone calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. Defendant did not have Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiffs' cellular telephones pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

16. Plaintiffs bring this action individually and on behalf of all others similarly situated, as members of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant or its agent/s and/or employee/s to said person's cellular telephone, made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

17. Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

19. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time/data usage for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal text messages, and invading the privacy of said Plaintiffs and Class members.

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant and/or its agent/s initiated any telephonic communications or sent any artificial or prerecorded voice message (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone

        dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As persons that received at least one telephone call utilizing an ATDS and/or an artificial voice or prerecorded message from Defendant without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

22. Plaintiffs will fairly and adequately protect the interests of the members of The Class as Plaintiffs have no interests antagonistic to any member of the Class.

23. Plaintiffs have retained attorneys experienced in the prosecution of class actions and claims involving violations of the Telephone Consumer Protection Act ("TCPA").

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
## Negligent Violations of the
## Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

27. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

29. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

30. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## Knowing and/or Willful Violations of the
## Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

31. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

33. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

34. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

### FIRST CAUSE OF ACTION
### Negligent Violations of the
### Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for

each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

Respectfully submitted, June 10, 2015.

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:  /s/ Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiffs

**CLASS ACTION COMPLAINT**